Per Curiam.
 

 [¶ 1] The Court has before it the stipulated findings, conclusions, consent to discipline, and recommendations of the hearing panel of the Disciplinary Board recommending that Allan R. Popper be reprimanded for violation of N.D.R. Prof. Conduct 5.5(a) and 7.1(a), that he cease and desist engaging in any further unauthorized practice of law or submissions of misleading communications in North Dakota, that he be prohibited from seeking licensure or pro hac vice admission for two years, and that he pay the costs and expenses of these disciplinary proceedings in the amount of $380. We accept the recommendations.
 

 [¶ 2] Popper has never been admitted or licensed to practice law in North Dakota. He has not been admitted pro hac vice, or registered under any other rule to practice law in North Dakota. He was admitted to practice in Illinois in 1974.
 

 *833
 
 [¶ 3] Popper was served a summons and petition for discipline and he filed an answer. Disciplinary Counsel and Popper stipulated to the facts and conclusions, and consented to discipline. A hearing panel of the Disciplinary Board filed the stipulated findings and conclusions, consent to discipline, and its recommendations with this Court on March 21, 2018.
 

 [¶ 4] Popper admitted the following facts. Popper is an employee of Lienguard, Inc. Lienguard, Inc. was hired by L S Drywall, Inc. to place a construction lien on property located in North Dakota. Popper researched the property recordings and researched North Dakota statutes. He mailed a Preliminary Notice of Furnishing for Private Work and a Notice of Intent to Claim a Construction Lien to the current owners of the property and he demanded payment of $3,515. He drafted and signed a verification acknowledging that the information contained within the notice was true to the best of his knowledge and belief. Popper did not associate with an attorney licensed to practice law in North Dakota. He did not indicate in the drafted legal documents that he was not licensed in North Dakota or that he was an attorney.
 

 [¶ 5] Popper admitted he is subject to discipline in North Dakota. He admitted his conduct violated N.D.R. Prof. Conduct 5.5(a), Unauthorized Practice of law, which provides that a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction and N.D.R. Prof. Conduct 7.1(a), Communications concerning the Services of a Lawyer or Persons Professionally Associated with the Lawyer, which provides that a lawyer shall not make a false or misleading communication about the lawyer, a person professionally associated with the lawyer, or their services.
 

 [¶ 6] There are aggravating factors of a prior discipline history and a pattern of misconduct. N.D. Stds. Imposing Lawyer Sanctions 9.22. There are mitigating factors of an absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify consequences of misconduct, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, and remorse. N.D. Stds. Imposing Lawyer Sanctions 9.32. Popper agreed the appropriate sanction was a reprimand.
 

 [¶ 7] The hearing panel recommended Popper be reprimanded for violation of N.D.R. Prof. Conduct 5.5(a) and 7.1(a), that he cease and desist engaging in any further unauthorized practice of law or submissions of misleading communications in North Dakota, that he be prohibited from seeking licensure or pro hac vice admission for two years, and that he pay the costs and expenses of these disciplinary proceedings in the amount of $380.
 

 [¶ 8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the stipulated facts and conclusions, consent to discipline and recommendations by the hearing panel were due within 20 days of the service of the report of the hearing panel. No objections were received. The Court considered the matter, and
 

 [¶ 9]
 
 ORDERED
 
 , that the stipulated facts, consent to discipline, and recommendations by the hearing panel are accepted.
 

 [¶ 10]
 
 IT IS FURTHER ORDERED
 
 , that Allan R. Popper is reprimanded.
 

 [¶ 11]
 
 IT IS FURTHER ORDERED
 
 , that Popper cease and desist engaging in any further unauthorized practice of law or submissions of misleading communications in North Dakota.
 

 *834
 
 [¶ 12]
 
 IT IS FURTHER ORDERED
 
 , that Popper is prohibited from seeking licensure or pro hac vice admission for two years, effective upon entry of judgment.
 

 [¶ 13]
 
 IT IS FURTHER ORDERED
 
 , that Popper pay the costs and expenses of these disciplinary proceedings within 30 days of entry of judgment in the amount of $380 payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505-0530.
 

 [¶ 14] Gerald W. VandeWalle, C.J.
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte